**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TROY BAYLOR,** | : | **CIVIL ACTION** |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **LUTHER,** | : | **NO. 16-2713** |
| **Respondent.** | : | |

**REPORT AND RECOMMENDATION**

**LYNNE A. SITARSKI**
**UNITED STATES MAGISTRATE JUDGE** **September 22, 2016**

Presently before the Court is a *pro se* petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, by Troy Baylor ("Petitioner"), an individual currently incarcerated in State Correctional Institution – Laurel Highlands, located in Somerset, Pennsylvania. For the following reasons, this Court respectfully recommends that the petition be DISMISSED without prejudice.

## I. FACTS AND PROCEDURAL HISTORY[1]

This case arises out Troy Baylor's conviction in the Philadelphia County Court of Common Pleas. The Honorable Rose DeFino-Nastasi of that Court presided over a month-long jury trial, and set forth the following facts:

> The trial evidence overwhelmingly established that [Petitioner] and his co-defendants engaged in a criminal enterprise that blatantly stole numerous homes within the city and county of Philadelphia, along with hundreds of thousands of dollars from victims, who

[1] Petitioner's PCRA petition is currently pending, so the complete state court records are unavailable to this Court at this time.

> unwittingly purchased the stolen homes. Generally, the enterprise involved the forging and recording of forged deeds to uninhabited homes, purporting to sell the homes to another person. In each case of fraud the original owner was unaware of the fraudulent conveyance or was otherwise unavailable, and thus did not appear before the notary to sign the deed. The deeds were forged. This fraudulent scheme was conducted by various means. In some instances the initial fraudulent conveyance transferred title to the property to a member of the conspiracy who then rented the property to an unsuspecting tenant. Another variation of the scheme was that a member of the conspiracy pretended to act as an agent of the seller and made a fraudulent conveyance to a duped buyer who believed they were purchasing a home from persons who had the legal right to sell the home.
>
> [Petitioner] was one of the front men of this criminal enterprise. He ran a real estate office and brokered fraudulent real estate transactions within his own community. He claimed to work for a State Representative, to be a community activist, and, to be an employee of the City of Philadelphia. The victims believed these claims; none of which were true. He not only brokered deals but signed deeds, openly recorded the fraudulent deeds in City Hall, and used fake notary stamps.[2]

*Commonwealth v. Baylor*, No. CP-51-CR-7889-2009, slip op. at 8-9 (Phila. Ct. Com. Pl. Apr. 21, 2011).

Petitioner was arrested for his involvement in this scheme on April 27, 2009. *Commonwealth v. Baylor*, No. CP-51-CR-0007889-2009 (Phila. Cnty. Com. Pl.), Criminal Docket [hereinafter "Com. Pl. Crim. Docket."]. On February 12, 2010, following a month-long jury trial presided over by Judge DeFino-Nastasi, Petitioner was found guilty of corrupt organizations; criminal conspiracy; twenty-six (26) counts of theft by deception; sixteen (16)

[2] Additional facts concerning the criminal offenses were introduced at trial. Judge DeFino-Nastasi delineated these particular facts when analyzing Petitioner's claim that "the evidence was insufficient to convict him of Corrupt Organizations, Criminal Conspiracy, Forgery, and Theft by Deception." *Commonwealth v. Baylor*, No. CP-51-CR-7889-2009, at 5 (Phila. Ct. Com. Pl. Apr. 21, 2011). Judge DeFino-Nastasi then described Petitioner's actions against three "duped" buyers in more detail when addressing his "motion for a new trial on the ground that the verdict was against the weight of the evidence" claim. *Id*. at 9-23.

counts of forgery; and seventeen (17) counts of tampering with public records. *Commonwealth v. Baylor*, No. CP-51-CR-7889-2009, slip op. at 1. On April 30, 2010, Petitioner was sentenced to nine to twenty years of incarceration, followed by seven years of probation. *Id*. at 2.

This is the third *pro se* petition for habeas corpus relief filed by Petitioner in this Court. The first was docketed in this Court on February 14, 2011. *See Baylor v. Lamas*, No. 11-1068 ("*Baylor I*"). In a Report and Recommendation issued on August 1, 2011, the undersigned recommended that the petition be dismissed without prejudice on the grounds that Petitioner had not exhausted in Pennsylvania state court any of the claims he asserted in *Baylor I*. By Order dated March 15, 2012, the Honorable James Knoll Gardner approved and adopted the Report and Recommendation. Judge Gardner directed that the Petition should be dismissed without prejudice to Petitioner's right to file an appropriate application for writ of habeas corpus in accordance with 28 U.S.C. §2254, and directed the Clerk of Courts to close *Baylor I* for statistical purposes.

Petitioner filed a second habeas petition, which was docketed by the Clerk of Court on May 4, 2012. *See Baylor v. Lamas*, No. 12-2468 ("*Baylor II*"). *Baylor II* reasserted claims asserted in *Baylor I*, and also asserted new habeas claims. In a Report and Recommendation issued on November 13, 2013, the undersigned noted that Petitioner apparently had disregarded the Court's Order in *Baylor I*, which was dismissed without prejudice based upon Petitioner's failure to exhaust his remedies in state court. Thus, in *Baylor II*, the undersigned again recommended that the Petition be dismissed without prejudice.[3] By Order dated September 18, 2014, the Honorable James Knoll Gardner approved and adopted the November 13, 2013 Report

[3] The November 13, 2013 Report and Recommendation issued in *Baylor II* also considered whether stay and abeyance was appropriate, given that the petition was a "mixed" petition. However, the undersigned concluded that stay and abeyance was not appropriate, and recommended dismissal without prejudice.

and Recommendation, and dismissed *Baylor II* without prejudice.

A review of the state court docket reveals that on December 15, 2014, the Philadelphia Court of Common Pleas dismissed the Post-Conviction Relief Act ("PCRA") petition that was pending during *Baylor II* because "the issued raised by Petitioner in his Post-Conviction Relief Act Petition are without merit or have been previously litigated." Com. Pl. Crim. Docket at 92. That same day, Petitioner filed a Notice of Appeal to the Superior Court. *Id*. at 93. Pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Petitioner filed a statement of matters complained of on appeal on March 12, 2015, and the Philadelphia County Court of Common Pleas issued its 1925(a) Opinion in response on May 6, 2015. *Id*.

On January 20, 2016, the Superior Court vacated the Court of Common Pleas' order and remanded for further proceedings. *Id*. at 94. The Court of Common Pleas issued a Hearing Notice seven days later. *Id*. After approximately a month of continuances and the appointment of three different attorneys, the Court of Common Pleas ultimately dismissed Petitioner's PCRA Petition on March 28, 2016. *See id*. at 97 ("[T]he December 15th 2014 Order formally dismissing Petitioner's Post Conviction Relief Act Petition (PCRA) is reinstated."). Petitioner filed a Notice of Appeal to the Superior Court on April 17, 2016 and filed a statement of matters complained of on appeal on May 18, 2016. *Id*. at 97-98. The Court of Common Pleas filed its 1925(a) Opinion on June 6, 2016. *Id*. at 98. Petitioner's appeal is actively pending in the Superior Court, and briefs are due November 14, 2016. *Baylor v. Commonwealth*, No. 1233 EDA 2016 (Pa. Super.), Appeal Docket at 3, https://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=1233+EDA+2016 (last visited Sept. 22, 2016) [hereinafter "Super. Ct. Appeal Docket"].

While Petitioner's PCRA petition remained pending in the state system, he filed the

instant *pro se* habeas corpus petition on May 31, 2016—his third petition to be filed in this Court.[4] The sole claim he presents is that "one of the juror's [sic] was a victim of fraud and the defense attorney should have had her removed from the jury." (Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ¶ 13, ECF No. 1 [hereafter "*Pro Se* Pet."]). He acknowledges in his habeas petition this claim has not been presented to the highest state court having jurisdiction, and says this is "[b]ecause the trial [sic] refuse to give me all the notes and discovery and exhibits in this case." (*Id.*).

## II. DISCUSSION

### A. Exhaustion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") grants to persons in state or federal custody the right to file a petition in a federal court seeking the issuance of a writ of habeas corpus. *See* 28 U.S.C. § 2254. Pursuant to the AEDPA,

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). The exhaustion requirement is rooted in considerations of comity in order to ensure that state courts have the initial opportunity to review federal constitutional

[4] The petition was docketed June 2, 2016, but Petitioner mailed the petition on May 31, 2016. The Court considers *pro se* petitions to be filed by inmates as of the time of mailing, not the time of docketing. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (explaining filing occurs when the prisoner delivers his paperwork to prison authorities, not when the court receives the filings).

challenges to state convictions. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Leyva v. Williams*, 504 F.3d 357, 365 (3d Cir. 2007); *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

Respect for the state court system requires that the habeas petitioner demonstrate that the claims in question have been "fairly presented to the state courts." *Castille*, 489 U.S. at 351. To "fairly present" a claim, a petitioner must present its "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999); *see also Nara v. Frank*, 488 F.3d 187, 197-98 (3d Cir. 2007) (recognizing that a claim is fairly presented when a petitioner presents the same factual and legal basis for the claim to the state courts). A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Pennsylvania, one complete round includes presenting the federal claim through the Superior Court on direct or collateral review. *See Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004). The habeas petitioner bears the burden of proving exhaustion of all state remedies. *Boyd v. Walmart*, 579 F.3d 330, 367 (3d Cir. 2009).

As explained in the November 13, 2013 Report and Recommendation issued in *Baylor II*, the exhaustion requirement is not satisfied when a post-conviction proceeding is pending in state court. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) ("[While] an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted."). The same PCRA petition that was pending in state court at the time this Court issued a Report and Recommendation in *Baylor II* remains pending in state court. A review of the docket reveals that Petitioner filed his brief on August 16,

2016, and the Commonwealth's brief is due November 14, 2016. Super. Ct. Appeal Docket at 3. Thus, Petitioner still has not exhausted his state court remedies. I thus, again recommend that the instant habeas petition be dismissed without prejudice. *See Banks v. Horn*, 126 F.3d 206, 213 (3d Cir. 1997) (explaining that when the federal court determines there is a possibility of state court review, the petition should be dismissed without prejudice).

## III. CONCLUSION

As fully explained herein, I conclude that Petitioner's petition for writ of habeas corpus should be DISMISSED without prejudice.

Therefore, I make the following:

**RECOMMENDATION**

AND NOW this __22ND__ day of September, 2016, it is respectfully RECOMMENDED that the petition for writ of habeas corpus be DISMISSED without prejudice, without the issuance of a certificate of appealability.

Petitioner may file objections to this Report and Recommendation. *See* Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE