<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

| | |
|---|---|
| TROY BAYLOR, ) | |
| ) | |
| Petitioner ) | Civil Action |
| ) | No. 16-cv-02713 |
| v. ) | |
| ) | |
| SUPERINTENDENT LUTHER; ) | |
| THE DISTRICT ATTORNEY OF THE ) | |
|   COUNTY OF PHILADELPHIA; and ) | |
| THE ATTORNEY GENERAL OF THE ) | |
|   STATE OF PENNSYLVANIA, ) | |
| ) | |
| Respondents ) | |

<u>O R D E R</u>

NOW, this 1st day of November, 2016, upon consideration of the following documents:

(1) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Habeas Corpus Petition") filed by petitioner Troy Baylor pro se on May 12, 2016,[1] together with Exhibits A through C, and the Case Management Track Designation Form;

(2) Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski ("Report") dated and filed September 22, 2016; and

---

[1]    Although the docket entries reflect that the Habeas Corpus Petition was filed June 2, 2016, petitioner certifies that "this Petition for Writ of Habeas Corpus was placed in the prison mailing system on May 12, 2016."  Habeas Corpus Petition at page 16.

Pursuant to the prison mailbox rule, this court will consider the date of filing as May 12, 2016.  Under the prison mailbox rule, a habeas corpus petition is deemed filed on the date the petitioner gave it to prison officials for mailing.  <u>Burns v. Morton</u>, 134 F.3d 109, 113 (3d Cir. 1997).

The date of filing, noted in this Order, for petitioner's Petition to Stay-and-Abeyance/Objections also reflects application of the prison mailbox rule.

       (3)    Petition to Stay-and-Abeyance/Objections filed by petitioner pro se on September 29, 2016,

it appearing, after de novo review of this matter,[2] that the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski correctly determined the pertinent legal and factual issues presented in the Habeas Corpus Petition,

<u>IT IS ORDERED</u> that petitioner's objection, raised in his Petition to Stay-and-Abeyance/Objections, to the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski is overruled.[3]

---

[2] The extent of review of a Magistrate Judge's Report and Recommendation is committed to the discretion of the district court. <u>Jozefick v. Shalala</u>, 854 F.Supp. 342, 347 (M.D.Pa. 1994); <u>see</u> <u>also</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 676, 100 S.Ct. 2406, 2413, 65 L.Ed.2d 424, 433 (1980), stating "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations."

However, the district court must review de novo those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C). The court may "accept, reject, or modify, in whole or in part, the magistrate's findings or recommendations." <u>Brophy v. Halter</u>, 153 F.Supp.2d 667, 669 (E.D.Pa. 2001) (Padova, J.) (citing 28 U.S.C. § 636(b)(1)(C)).

[3] Petitioner raises only one objection to United States Magistrate Judge Lynne A. Sitarski's Report. Specifically, petitioner contends that it is more appropriate for the court to stay and hold in abeyance his Habeas Corpus Petition, pending the exhaustion of his state-court remedies pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"), codified at 42 Pa.C.S.A. §§ 9541-95, than to dismiss his petition without prejudice to refile it at the conclusion of those state-court proceedings.

The United States Supreme Court has advised that "stay and abeyance should be available only in limited circumstances." <u>Rhines v. Weber</u>, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535, 161 L.Ed.2d 440, 451 (2005). Specifically, to qualify for a stay under <u>Rhines</u>, petitioner must satisfy

(<u>Footnote 3 continued</u>):

---

(Continuation of footnote 3):

three requirements: "good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics." Heleva v. Brooks, 581 F.3d 187, 192 (3d Cir. 2009) (citing Rhines, 544 U.S. at 277-278, 125 S.Ct. at 1535, 161 L.Ed.2d at 452)).

      Here, it is clear that petitioner does not satisfy the good cause requirement.  In fact, petitioner's filings do not articulate any reason why stay and abeyance is appropriate.

      Moreover, this court's independent review of the procedural history of petitioner's state-court proceedings shows that petitioner will have sufficient time to file a federal habeas corpus petition after the conclusion of his state-court proceedings.  Cf. Hudson v. Sauers, 2012 WL 600600, at *3 (E.D.Pa. Jan. 31, 2012) (Caracappa, M.J.), explaining that "'good cause' typically requires a showing that requiring exhaustion may result in a prisoner's [federal habeas corpus] petition being time-barred under [28 U.S.C.] § 2244."

      Ordinarily, under 28 U.S.C. § 2244(d)(1), petitioner has one year after his state-court judgment of sentence becomes final to file a federal habeas corpus petition.  However, "[i]f a petitioner has submitted a 'properly filed' petition for state collateral relief, then the one-year limitations period is tolled while that petitions is pending." Wright v. Wenerowicz, 2014 WL 4722699, at *3 (E.D.Pa. Sept. 22, 2014) (Goldberg, J.) (citing 28 U.S.C. § 2244(d)(2)).

      In this case, petitioner Baylor's conviction became final on June 22, 2012, "when the time expired for seeking an appeal in the Pennsylvania Supreme Court." Hernandez v. Murray, 2012 WL 4963519, at *3 (E.D.Pa. Oct. 18, 2012) (Ditter, J.) (citing Gonzalez v. Thaler, 565 U.S. 134, 150, 132 S.Ct. 641, 653-654, 181 L.Ed.2d 619, 636 (2011)).

      However, on April 2, 2013, petitioner Baylor filed a PCRA petition, which tolled the one-year statute of limitations period for filing a federal habeas corpus petition.  That PCRA petition remains pending and is currently before the Pennsylvania Superior Court.  See Report at page 4.

      Thus, although petitioner has expended 284 days (from June 22, 2012 to April 2, 2013) of his one-year statute of limitations, he still has 81 days to file a federal habeas corpus petition after his present state-court proceedings conclude.  Because petitioner still has ample time on his federal habeas corpus "clock", there are no timeliness concerns here that might establish good cause.  See Stewart v. Wenerowicz, 2013 WL 6869086, at *1 (E.D.Pa. Dec. 30, 2013) (Diamond, J.).

      The petitioner has not offered, nor is the court aware of, any other possible basis for finding good cause to justify stay and abeyance.

      For the foregoing reasons, I overrule petitioner's objection and approve and adopt Magistrate Judge Sitarski's Report and Recommendation.

IT IS FURTHER ORDERED that the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski is approved and adopted.

IT IS FURTHER ORDERED that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody is dismissed without prejudice for petitioner to refile an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he has exhausted his state-court remedies.

IT IS FURTHER ORDERED that that part of petitioner's Petition to Stay-and-Abeyance/Objections, requesting that his Habeas Corpus Petition be stayed and held in abeyance, is denied.[4]

IT IS FURTHER ORDERED that, because no reasonable jurist could find this ruling debatable and because there has been no substantial showing of the denial of a constitutional right, a certificate of appealability is denied.



---

[4] For the same reasons I overrule petitioner's objection to Magistrate Judge Sitarski's Report, I deny petitioner's request to stay and hold in abeyance his Habeas Corpus Petition.  See above, footnote 3.

<u>IT IS FURTHER ORDERED</u> that the Clerk of Court shall mark this matter closed for statistical purposes.

BY THE COURT:

<u>/s/ JAMES KNOLL GARDNER</u>
James Knoll Gardner
United States District Judge